S07Y1136. IN THE MATTER OF STEVENS J. WHITE.
(651 SE2d 742)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the State Bar Disciplinary Board's Review Panel

addressing a Notice of Reciprocal Discipline issued to Respondent Stevens J. White pursuant to Rule 9.4 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. White acknowledged service of the Notice of Reciprocal Discipline and filed two "briefs" arguing that the imposition of reciprocal discipline would violate due process because an evidentiary hearing was never held in Louisiana; because the State Bar of Georgia did not issue the notice of reciprocal discipline in a timely fashion; and because he holds a property interest in his law license. The State Bar responded, stating that none of White's objections met the requirements of Rule 9.4 (b) (3) which would allow the Review Panel to recommend imposition of discipline other than the same discipline as was imposed by a sister jurisdiction.

The Review Panel accepted and approved the facts set forth on the face of the record in White's disciplinary proceeding in Louisiana in which White petitioned in December 2003 for "Voluntary Permanent Resignation from the Practice of Law." The Supreme Court of Louisiana accepted the petition in March 2004. The Review Panel observed that White, in connection with the Louisiana petition, filed a notarized affidavit of consent stating that he recognized that there existed grounds for discipline against him for violations of several rules of the Louisiana Rules of Professional Conduct and that he agreed to never again practice law in Louisiana or in any other jurisdiction. The Review Panel also observed that Bar Rule 9.4 (b) (3) dictates that the Review Panel shall recommend to the Supreme Court of Georgia identical discipline to that imposed in the other jurisdiction or recommend removal from practice on the grounds provided in Rule 4-104 unless the Office of General Counsel or the lawyer demonstrates, or the Review Panel finds that it clearly appears on the face of the record from which the discipline is predicated that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or the discipline imposed would result in grave injustice or be offensive to the public policy of the jurisdiction; or the reason for the original disciplinary status no longer exists; or the conduct did not occur within the state of Georgia and the discipline imposed by the foreign jurisdiction exceeds the level of discipline allowed under Georgia's Bar Rules. Based on this standard, the Review Panel recommended that this Court enter an order imposing identical discipline, which would be disbarment as the voluntary surrender of the license to practice law in Georgia is tantamount to disbarment.

We have reviewed the record and agree with the State Bar and the Review Panel that White has not met the requirements for the

imposition of a lesser discipline as set forth in Rule 9.4 (b) (3) and thus imposition of identical discipline is appropriate. Accordingly, White hereby is disbarred from the practice of law in Georgia. White is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.